**MICHAEL CHAZEN, ESQ.**
**ATTORNEY AT LAW**
License No:  024351988
<u>Reply to</u>:  4400 ROUTE 9 SOUTH • SUITE 1000 • FREEHOLD, NEW JERSEY 07728
1 GATEWAY CENTER, SUITE 2600, NEWARK, NEW JERSEY 07102
TELEPHONE:  (732) 303-0808
TELEFAX:  (732) 303-0210
email:  mike@mchazen.com

February 21, 2024


Hon. Rukhsanah L. Singh, U.S.M.J
U.S. District Court, District of N.J.
402 East State Street
Trenton, New Jersey 08608


**<u>Re: U.S. v. Jeremy Greenwald</u>**
**Mag. No. 3:24-mj-14010-RLS-1**
**Detention Hearing – February 22, 2024 – 3:00**


Dear Judge Singh:


   Mr. Greenwald is currently detained (without prejudice) at the Monmouth County Jail.  He has been there for the last week while trying to put together an acceptable bail package.  To date, we have not been able to reach an agreement with the Government, and they object to his release.

   Mr. Greenwald is properly released in accordance with 18 USC 3142(b),(c) on a bail package which includes the following major conditions of release:

1

**1)** Home Incarceration with electronic (GPS) monitoring – meaning 24-hour lockdown except for medical/legal visits and court appearances, or other activities approved by the court;

**2)** No Computer possession or use without prior approval from Pretrial Services, and consent to Pretrial Services using electronic detection devices to evaluate access to WI-FI connections.

**3)** $100,000 unsecured appearance bond and surrender of his passport.

This package, along with the standard conditions of release (and any other conditions required by the court) is proper as noted by the following instructive observations:

1. Admittedly, the crime charged does have a rebuttable presumption of detention. (18 U.S.C § 3142(e)(3)(E)). However, the proposed conditions will indeed assure the safety of the community, as well as his appearance as required. As detailed below, the presumption is rebutted.

2. Mr. Greenwald is 45 years of age, a United States Citizen, and presents absolutely no prior criminal history.

3. His parents are deceased and his only living family member is a brother in California.

4. He has lived at the same residence in South Amboy, New Jersey for the last few years.

5. He is college educated, having received a Bachelor's Degree in Physics from the University of Pittsburgh, as well as a Master's Degree.

2

6. His health is not good.  He suffers from severe obesity and is taking 5 different medications for high blood pressure.

7. Mr. Greenwald voluntarily surrendered at the courthouse as requested and directed by the Government (**several days after knowing of the charges against him**.)  And all of the information he provided to Pre-trial services has now been fully verified by his brother.

8. The nature and circumstances of the offense charged:  1)sexual exploitation (18 USC 2251); 2)online enticement (18 USC 2422(b); and 3)receipt of child pornography (18 USC 2252A(a)(2)(A).  No doubt, the charges are serious.  However, there is no allegation of physicality / contact by Mr. Greenwald.  Further, the Government has indicated that the alleged victim of exploitation and enticement is 16 years of age and resides in Texas.  She and Mr. Greenwald never met in person.  In this regard, and while not a defense to the federal crime charged, it is noted that the age of consent in the State of New Jersey is in fact 16. (NJSA 2C:14-2).  In other words, had Mr. Greenwald engaged in consensual sexual relations in New Jersey with the alleged victim, that would not have been a crime.

9. 18 USC 3142 allows for a presumption of detention to be rebutted.  See, e.g., <u>US v. Scarpa</u>, 815 F.Supp. 88,91 (EDNY 1993)(pretrial detention "has been and should remain the **exceptional practice**" emphasis added); <u>US v. Salerno</u>, 481 U.S. 739, 755 (1987)(a "carefully limited exception"); <u>US v. Berrios</u>, 791 F.2d 246,250 (2d Cir. 1986)(a drastic measure reserved for extreme cases.)

3

10. This is, admittedly, a serious case – as are all cases involving children.  And the exposure presented is significant.  But this is not an "extreme" case where the presumption cannot be overcome.  Detention is not at all warranted given the major release conditions proposed.  Mr. Greenwald does not – and could not - present any material risk of non-appearance or danger to the safety of the community in light of the conditions to which he fully consents.

11. The weight of the evidence:  To date, the government has not supplied any discovery.

12. It is true that the Government and Pre-Trial Services have asked for a custodian.  And a most diligent effort has been made to secure a custodian over the last week.  But Mr. Greenwald's parents are deceased; his only brother lives in California; and his cousins live out of state with minor children.  His friends / acquaintances cannot serve as a custodian as they either can't check on him with enough frequency because of their work obligations or other commitments.

13. Jeremy simply does not have anyone who can practically commit to being a custodian.  Regardless, that should not result in his detention.  The safety of the community is still assured by home incarceration and no computer use.  Quite frankly, a custodian would not add that much given the conditions proposed and agreed to by Mr. Greenwald.  It is well-established that the risk of non-appearance and safety does not mean an iron-clad guarantee of that.  <u>US v. Fortna</u>, 769 F.2d 245 (5th Cir. 1985)(cert. den. 479 U.S. 950 (1986).

14. The release conditions are adequate and will properly assure Mr. Greenwald's appearance at all proceedings, as well as the safety of the community.

15. The Government's Administrative Office of U.S. Courts has indicated that:

   ***Social science research shows** that people held in jail pretrial are more likely to be convicted, to be sentenced to longer incarceration terms, or to commit new crimes post-trial compared to their released counterparts. The relative cost of pretrial detention – about $92 per day – is also significantly higher than the cost of pretrial supervision – about $11 a day. Defendants released in the federal system have a high degree of success, with <u>86 percent</u> committing no new violations or failing to appear in court as required. [1]*

Under the circumstances presented, Mr. Greenwald's pre-trial release should not be denied because he cannot secure a custodian (despite his diligent efforts at same.) He is appropriately released on the conditions proposed.

Thank you for your attention to this matter.

                              Respectfully submitted,

                              *Michael Chazen*
                              Michael Chazen

MC/cg

---

[1] https://www.uscourts.gov/services-forms/probation-and-pretrial-services/supervision/pretrial-risk-assessment/pretrial-release