**MICHAEL CHAZEN, ESQ.**
**ATTORNEY AT LAW**
License No: 024351988
<u>Reply to</u>: 4400 ROUTE 9 SOUTH • SUITE 1000 • FREEHOLD, NEW JERSEY 07728
1 GATEWAY CENTER, SUITE 2600, NEWARK, NEW JERSEY 07102
TELEPHONE: (732) 303-0808
TELEFAX: (732) 303-0210
email: mike@mchazen.com

March 4, 2024

Hon. Rukhsanah L. Singh, U.S.M.J
U.S. District Court, District of N.J.
402 East State Street
Trenton, N.J. 08608

**<u>Re: U.S. v. Jeremy Greenwald</u>**
**Mag. No. 3:24-mj-14010-RLS-1**

**Request to reopen detention hearing with new proposed bail package.**

Dear Judge Singh:

I represent Mr. Greenwald in this matter.

Please incorporate my letter of February 21, 2024 (as well as argument on the record of February 22nd) to this request to re-open defendant's detention hearing.

Both the Government and Pretrial Services previously requested that defendant present a third-party custodian. At the hearing on February 22nd, the court denied the proposed bail package, essentially because this defendant did not present a custodian.

1

I am pleased to report that the following two individuals have recently agreed to serve as third-party custodians:

1) **Michael Shernicoff**: Retired from New Jersey Division of Criminal Justice – Office of Homeland Security.

2) **Anthony Stabile**: Retired from New York Port Authority Police.

Both have been vetted by pre-trial services and have been found to have no disqualifying background issues. However, Mr. Jones at pre-trial, in an email of March 1st, indicated that the proposed custodians are not acceptable. I understand this is in large part due to neither personally knowing the defendant.

Here are the essential terms of defendant's new proposed bail package:

**1)** Home Incarceration with electronic (GPS) monitoring – meaning 24-hour lockdown except for medical/legal visits and court appearances, or other activities approved by the court.

**2)** No Computer possession or use without prior approval from Pretrial Services, and consent to Pretrial Services using electronic detection devices to evaluate access to WI-FI connections.

3) <u>No internet access (except a hard-wired telephone will be installed in defendant's apartment using Optimum services - needed for GPS purposes only.)</u>

4) <u>Defendant may possess a cellular "flip-phone" and is prohibited from possessing a smart phone.</u>

5) $100,000 unsecured appearance bond.

6) Surrender of his passport.

7) <u>Two custodians with fully random and unannounced visits three times a week – which can happen anytime of the day or night – 24/7 - and will verify compliance with pre-trial conditions.</u>[1]

8) Any other conditions imposed by the court.

I will have the two proposed custodians in court so that, if needed, they can detail and elaborate how they will act to verify defendant's compliance with the release terms. Admittedly, this is not the traditional family member or friend used for this purpose; but it is indeed at least equally adequate as they have no relation or loyalty to defendant.

Thank you for your attention to this matter.

Respectfully submitted,

*Michael Chazen*
Michael Chazen

MC/cg

---

[1] The understanding reached with the proposed custodians is that their services will cost $400 a visit; the fee will include all travel and visit time spent. The fee will be paid by the defendant and, his cousin in Maine, who has offered to help with the cost.